UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN D. NELLIST,

    Petitioner,

v.                                       CASE NO.: 3:19-CV-030-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

John D. Nellist, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for dealing methamphetamine within 1,000 feet of a family housing complex in Case No. 20C01-1310-FA-000055. Following a guilty plea, on March 6, 2014,[1] the Elkhart Circuit Court sentenced him to thirty-five years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[1] In his petition, Mr. Nellist indicates that he was sentenced on March 16, 2014, which was a Sunday. However, the online state court docket confirms that he was sentenced on March 6, 2014. *See* https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlpHVTVNakF5T1RFd01UWXdPalExTnpZNE1qUXhhNR009In19 (last visited June 10, 2019).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Mr. Nellist wrote:

> The petition to seek post-conviction relief was filed as soon as I was made aware of the laws surrounding this enhancement. As soon as I was able to compile evidence, draft a brief, and file for post-conviction relief I did. I have fulfilled all deadlines, exhausted all remedies. I come before this court in compliance with the AEDPA.

ECF 2 at 6. Nothing in that answer or any other part of the petition indicates that any state action impeded Mr. Nellist from filing a habeas corpus petition sooner or that newly discovered evidence applies to save his claim. And, although Mr. Nellist references being "made aware" of laws surrounding his enhanced

2

sentence, he doesn't suggest that his claims are based on a newly recognized constitutional right that has been made retroactive on collateral review. In fact, his petition makes it clear that his challenges to the "family housing complex" enhancement are based on sufficiency of the evidence. While Mr. Nellist complains that Indiana has a history of conflicting rulings on the issue—many of which he says he presented in his State post-conviction relief filings—these types of arguments don't serve to extend the federal limitation period, even if Mr. Nellist himself was unaware of the law. Thus, 28 U.S.C. § 2244(d)(1)(B), (C) and (D) don't apply to this case.

The limitation period began to run when the conviction became final upon the expiration of the time to pursue direct review. 28 U.S.C. § 2244(d)(1)(A). Because Mr. Nellist didn't file a direct appeal in state court, his conviction became final when the time for filing a direct appeal expired on April 7, 2014. *See* Ind. App. R. 9(A) (appeal must be filed with the Indiana Court of Appeals within 30 days of trial court's judgment); [2] Gonzalez v. Thayer, 132 S. Ct. 641, 653-54 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). The federal limitations period expired one year later on April 7, 2015. Mr. Nellist filed a petition for post-conviction relief in State court on April 25, 2016, but that didn't restart the federal limitations

---

[2] Thirty days from March 6, 2014, was April 5, 2014, which was a Saturday, so the period ran until Monday, April 7, 2014. *See* Ind. App. R. 25 ("If the last day is a non-business day, the period runs until the end of the next business day.").

period, nor did it "open a new window for federal collateral review." De Jesus v. Acevedo, 567 F.3d 941, 943 (7th Cir. 2009). As a result, Mr. Nellist was more than three years too late when filed this habeas petition in January of 2019. Therefore, the habeas petition will be denied as untimely.

Under Section 2254 Habeas Corpus Rule 11, the court must also consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that reasonable jurists would debate the correctness of today's procedural ruling, so there is no basis for encouraging Mr. Nellist to proceed further. The court won't issue a certificate of appealability.

As a final matter, Mr. Nellist filed a motion (ECF 7), arguing that he is entitled to summary judgment on the matter because neither the Attorney General nor the Warden have filed a response to his petition. An answer was not required because the court didn't order one under Section 2254 Habeas Corpus Rule 5. Thus, this motion will be denied as well.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) because it is untimely;

(2) DENIES John D. Nellist a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES the motion for summary judgment (ECF 7); and

4

(4) DIRECTS the clerk to close this case.

SO ORDERED on June 12, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
